# IN RE JULIAN HERENCIA.

### CONTEMPT.

It is a contempt of court for a party to an action to talk to witnesses or in their presence, and especially in such a way as to intimidate them, or prevent them from giving true testimony; he knowing they had been put under the rule not to talk to anyone, or suffer anyone to talk to them as to the case.

December 10, 1901.

*Messrs. Horton & Cornwell* for respondent.

HOLT, Judge, delivered the following opinion:

There seems to be a growing disposition in this day for men to undervalue an oath and the importance of it. Men sometimes seem to think that they ought to swear to protect their friends or to hurt their enemies. There is too much inclination in this direction. This court has made up its mind that if it is satisfied any man is swearing falsely, it will see that the matter is presented to the grand jury; and if the man is found guilty of having done such a thing, that he be sent to the penitentiary. There seems also to be a growing disposition to approach jurymen, and to approach witnesses. To do so is in violation of the orders of the court. The United States courts do not permit matters of that kind; they punish men severely for the commission of such offenses. This court, in the dis-

Re Herencia.

charge of its duty, knows no friends and no enemies; everyone stands on the same footing; whether he is rich or poor, high or low, makes no difference.

It is inconceivable to the court that two men should deliberately come into court and manufacture this story out of whole cloth,—that they heard the respondent Herencia say this thing and that thing which they have detailed; and that they have deliberately told what is not so. I cannot believe they would do that. They were sworn as witnesses in a case, and were charged by the court not to talk to anybody, or permit anybody to talk to them, or in their presence, about it. It was entirely right, if anyone did so, for them to come and report the matter to the court. The court would have had some doubt as to whether this were a contempt of court within the provisions of the United States statute, if Herencia had not been a party to the suit, and had not been in court when this charge was given to the witnesses and this order made; but the testimony shows that he was in court; that he knew of it; and it was a contempt of court for him to talk to these witnesses, either directly or indirectly, with the expectation that they would hear his remarks. The case was still in progress, and ended only a few minutes ago. It occurred this morning; and the only effect of it could be, and the only expected effect could be, that it would serve to intimidate the witnesses. That way of doing must stop. The court will not allow anyone to do it; it makes no difference who he is. If it were the President of the United States the court would not permit it; and the court would punish him for it.

My opinion, from this testimony, is that this offense was committed, and the clerk of this court will enter up a fine against the respondent Herencia of $100 and imprisonment for tweny-five days in the carcel. The sentence of imprisonment is suspended until further order.